E-FILED
Tuesday, 18 July, 2006  08:09:00 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  05-1277 |
| ) | |
| PAMELA S. TEEL, aka PAMELA S. ) | |
| CAYWOOD and MICHAEL TEEL, ) | |
| ) | |
| Defendants. ) | |

UNITED STATES MARSHAL'S REPORT OF SALE

I, STEVEN D. DEATHERAGE, United States Marshal for the Central District of Illinois, respectfully report that none of the Defendants in this cause having paid the amount due as required by the Decree and Order Directing Foreclosure and Sale entered herein on January 18, 2006, within the time limited by such Decree, I duly advertised for sale at public vendue to the highest and best bidder at the front door of the Courthouse of McDonough County, in the City of Macomb, Illinois, on the 20th day of June, 2006, at the hour of 11:00 A.M., by causing a Notice thereof, containing the title of said cause, the names of the parties hereto, the name of the Court in which said cause was pending, a description of the premises sought to be sold, and a statement of the time, place and terms of sale to be published once each week for four (4) consecutive weeks in the Macomb Journal, a secular newspaper of general circulation printed and published in the City of Macomb, Illinois, which newspaper has been regularly published in said City for more than six (6) months continuously and immediately prior to the first publication of said Notice, the first publication of said Notice was on May 17, 2006, and the last publication on June 7, 2006, all of which appears from a Certificate of Publication on file in this cause.

1. At the time and place designated for the sale ordered herein, the undersigned offered said premises for sale to the highest bidder and Diana Belknap, on behalf of U.S. Department of Agriculture, Rural Development, 2118 West Park Court, Suite A, Champaign, IL 61821, bid the sum of $46,200.00, and that being the highest bid offered, I sold said real estate to said highest bidder.

2. The plaintiff was the purchaser of the mortgaged real estate at such sale. Therefore the plaintiff may offset against the purchase price of such real estate the amounts due under the judgment for the foreclosure and order confirming the sale.

3. The undersigned has executed and delivered to the purchaser at said sale a Certificate of Sale and has caused to be filed in the Office of the Recorder of Deeds of said county, the original or a duplicate original of said certificate.

4. The total amount of indebtedness secured by the mortgage foreclosed herein and the Judgment of Foreclosure entered herein and the deficiency, if any, are computed as follows:

Amount found due in judgment as of November 30, 2005:

| | |
|---|---:|
| Unpaid principal balance | $60,383.27 |
| Accrued interest at $12.231 per day and unpaid as of 11/30/05 | $4,977.87 |
| Accrued interest from 12/01/05 to 01/18/06, the date of entry of judgment (49 days @ $12.231 per day) | $599.32 |
| Accrued federal interest from 01/19/06 to 06/20/06, the date of sale (153 days @ $7.2956 per day) | $1,116.23 |
| Subsidy recapture | $2,844.96 |
| Escrow shortage due | $439.97 |
| Late charges due | $50.79 |

    Interest on fees due .......................................... $5.00

    Fees currently assessed ..................................... <u>$150.00</u>

        Total ............................................. $70,567.41

<u>Costs of Sale</u>:

    Marshal's fee for conducting sale ................................ $116.70

    Marshal's fee for service of summons ............................ $223.65

    Docket Fee ..................................................... $250.00

    Recording Notice of Foreclosure ................................. $32.00

    Release Notice of Foreclosure ................................... $32.00

    Publication charges (Notice of Sale) ............................. <u>$216.00</u>

        Total amount of Indebtedness .......................... $71,437.76

Amount of bid at sale .......................................... $46,200.00

5. It is also reported:

  i) A notice required in accordance with Chapter 735 ILCS, Section 5/15-1507(c) was given;

  ii) The terms of sale were fair and not unconscionable;

  iii) The sale was conducted fairly and without fraud;

  iv) Justice was done by the sale.

Respectfully submitted this 7th day of July, 2006.

                              s/ Steven D. Deatherage

                              _____

                              STEVEN D. DEATHERAGE
                              UNITED STATES MARSHAL
                              CENTRAL DISTRICT OF ILLINOIS

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **MARSHAL'S REPORT OF SALE** has been placed in the United States mail, addressed to:

> Pamela S. Teel
> aka Pamela S. Caywood
> 610 W. Benton St.
> Blandinsville, IL 61420
>
> Michael Teel
> 610 W. Benton St.
> Blandinsville, IL 61420
>
> Donna Wiltshire
> U.S. Department of Agriculture
> Rural Development
> 2118 West Park Court, Suite A
> Champaign, IL 61821

|  |  |
|---|---|
| July 18, 2006 | s/ Elizabeth L. Collins |
| Date: _____ | _____ |